# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                                     CRIMINAL ACTION NO. 4:05-CR-11-M

JOSEPH M. RHODES                                                   DEFENDANT

## MEMORANDUM OPINION

Movant, Joseph M. Rhodes, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 31). On preliminary consideration under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, the Court ordered Movant to show cause why his motion should not be denied and his action dismissed as untimely. Movant has responded to the Court's Order.

The Judgment and Commitment Order in this case was entered on August 16, 2006 (DN 29). On December 14, 2010, Movant filed the instant § 2255 motion.[1]

## I. ANALYSIS

Under § 2255, a one-year limitation period applies. The statute provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

the Supreme Court, if that right has been newly recognized by the
Supreme Court and made retroactively applicable to cases on
collateral review; or

(4) the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2255(f).

The § 2255 motion does not explain why Movant waited so long to file his § 2255 motion. In his response to the Court's show-cause Order, Movant asserts:

The movant <u>argues</u> that the scope of the movant's review may be
broader under 2255, because Rule 32(d) is <u>addressed</u> to the
discretion of the district Judge, and can only be <u>reversed</u> for abuse
of discretion. In the instant case, false information for the movants
conviction is an abuse of discretion and miscarriage of justice has
also accured.

He also contends that his arrest by the police violated his constitutional and statutory rights. He asserts that under § 2255 he has a remedy identical in scope to a writ of habeas corpus, and therefore relief is available where a person is in custody in violation of the constitution or laws of the United States. Thus, Movant appears to argue that his § 2255 motion should not be dismissed because § 2255 exists to allow prisoners relief where they have been imprisoned in violation of the constitution or laws of the United States. However, § 2255 also provides a limitations period, and nothing in Movant's response to this Court's Order suggests a reason why his § 2255 motion is not time-barred.

## II. CONCLUSION

For the foregoing reasons, the Court will by separate Order deny Movant's § 2255 motion.

**CERTIFICATE OF APPEALABILITY**

An individual, who unsuccessfully moves to vacate, set aside or correct his sentence pursuant to § 2255 in a federal district court and subsequently seeks appellate review, must secure a Certificate of Appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no COA is warranted in this case.

Date:


cc: Defendant, *pro se*
United States Attorney
4414.009